IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH J. GERMINARO, an individual, and GABRIELLA P. GERMINARO, an individual, | ) ) ) ) Civil Action No. 14-1202 |
| Plaintiffs, | ) ) Judge Nora Barry Fischer |
| v. | ) ) |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY and COMMONWEALTH LAND TITLE INSURANCE CORPORATION, a Nebraska corporation, and DOES 1 through 100, | ) ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

AND NOW, this 30th day of April, 2015, upon consideration of Defendants Fidelity National Title Insurance Company and Commonwealth Land Title Insurance Corporation's Motion for Leave to File an Amended Answer and Affirmative Defenses to Second Amended Complaint, (Docket No. [75]), Brief in Support, (Docket No. [77]), Plaintiffs' Brief in Opposition, (Docket No. [79]), and Defendants' Reply Brief, (Docket No. [81]),

IT IS HEREBY ORDERED that Defendants' Motion is GRANTED.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend the pleadings should be "freely granted when justice so requires." FED.R.CIV.P. 15(a)(2). "[M]otions to amend pleadings should be liberally granted," *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004), and "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Among the factors that may justify denial of leave to amend are undue delay, bad

1

faith, and futility." *Arthur*, 434 F.3d at 204; see also *Foman*, 371 U.S. at 182 ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given'").

Plaintiffs argue that Defendants' proposed amendments are disingenuous and futile, but do not set forth any support for these conclusory allegations. (Docket No. 79 at 1). In response, Defendants maintain that the proposed additional defenses are the result of further analysis and factual development and the Motion was filed within the deadline. (Docket No. 77 at 5). The Court agrees. Accordingly, Defendants may amend to conform to the evidence pursuant to Federal Rule of Civil Procedure 15(b)(2). FED.R.CIV.P. 15(a)(2) ("A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence. . ."); *see also ScanSource, Inc. v. Datavision–Prologix, Inc.*, 2009 WL 973497 (E.D. Pa. Apr.8, 2009) (amendment allowed to conform to evidence produce by defendant in discovery in aid of execution).

Further, as Defendants point out, (Docket No. 81 at 2), Plaintiffs have not alleged that amendment will prejudice or burden them. To that end, in the Third Circuit, prejudice to the non-moving party is the touchstone for denial of leave to amend. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "Unless the opposing party will be prejudiced, leave to amend should generally be allowed." *Charpentier v. Godsil*, 937 F.2d 859, 864 (3d Cir. 1991). Here, the Motion to Amend was timely brought consistent with the Court's Case Management Order, (Docket No. 62), and discovery is in its early stages, given fact discovery concludes on October 28, 2015. (*Id.*).

In light of the above and the procedural posture of this case, this Court does not find that Plaintiffs will be prejudiced by granting Defendants leave to amend as set forth herein. Defendants' Amended Answer shall be filed on or before **<u>May 8, 2015 at 5:00 p.m.</u>**

<u>*s/ Nora Barry Fischer*</u>
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.