IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH J. GERMINARO and<br>GABRIELLA P. GERMINARO,<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY NATIONAL TITLE<br>INSURANCE COMPANY and<br>COMMONWEALTH LAND TITLE<br>INSURANCE COMPANY,<br><br>Defendants. | 2:14-cv-01202-NBF<br><br>District Judge Nora Barry Fischer |

## MEMORANDUM OPINION AND ORDER

Upon consideration of the Motion for Redaction or Correction of the Record ("Motion") (Docket No. 166) filed by Joseph J. Germinaro and Gabriella P. Germinaro ("Plaintiffs"), the Response (Docket No. 171) filed by Fidelity National Title Insurance Company and Commonwealth Land Title Insurance Company ("Defendants"), and the parties' respective briefings (Docket Nos. 168, 174 – 75), the Court will DENY said Motion, in part, and GRANT, in part.

### I. MEMORANDUM

On July 12, 2016, the parties appeared before this Court for hearing and oral argument on Plaintiffs' Motion for Partial Summary Judgment (Docket No. 119) and Defendants' Motion for Summary Judgment (Docket No. 124). The parties did not thereafter request supplemental briefing on their motions. (Docket No. 163). The official transcript of the July 12 proceedings was filed on September 6, 2016. (Docket No. 165). On September 13, 2016, Plaintiffs filed the present Motion. Plaintiffs ask the Court to redact, or grant leave to amend, the following portion of the transcript:

> And I think that it would be completely unreasonable, and there's certainly no evidence in the record otherwise that you could sue Lawyers Title and Commonwealth alleging a Ponzi scheme that requires adjudicating LES's liability for fraud.

(Docket No. 165 at 59:6 – 10). Plaintiffs claim that this statement by Defendants' counsel during oral argument was not an accurate statement of the facts and should not be allowed to remain on the record due to its potential impact upon disposition of the summary judgment motions currently before the Court. (Docket No. 166 at 3 – 4).

To this end, when ruling on a motion for summary judgment, a district court is charged with determining whether the moving party has established "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Heffernan v. City of Paterson*, 777 F.3d 147, 151 (3d Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). A genuine issue of material fact is one that could affect the outcome of litigation. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The initial burden is on the moving party to adduce evidence illustrating a lack of genuine issues. *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 – 24 (1986)). Once the moving party satisfies its burden, the non-moving party must present sufficient evidence of a genuine issue, in rebuttal. *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587).

However, the Third Circuit Court of Appeals has held that "'[l]egal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion.'" *Versarge v. Twp. of Clinton N.J.*, 984 F.2d 1359, 1370 (3d Cir. 1993) (quoting *Jersey Cen. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109 – 10 (3d Cir. 1985)). Mere "characterizations" of record evidence do not, alone, have probative value.

*Yan Yan v. Penn State Univ.*, 529 F.App'x 167, 170 (3d Cir. 2013) (citing *Jersey Cen. Power & Light Co.*, 772 F.2d at 1109 – 10). Any assertions made by the parties at summary judgment must ultimately be supported by facts. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (citing *Jersey Cen. Power & Light Co.*, 772 F.2d at 1109 – 10). The parties must resort to affidavits, depositions, admissions, and/or interrogatories to demonstrate the existence of a genuine issue. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773 (3d Cir. 2013) (citing *Celotex Corp.*, 477 U.S. at 324).

Presently, Plaintiffs wish to remove or alter a portion of Attorney Calderas' oral argument, as memorialized in the official transcript of the July 12, 2016, hearing, to conform with what Plaintiffs believe is an accurate characterization of the evidence of record.[1] The Court will not permit such action. As noted, above, Attorney Calderas' argument is not evidence, but simply Defendants' *characterization* of the evidence – or lack thereof – on the record. On its own, the argument has no probative value. The Court will look to the evidence of record and construe it – and all reasonable inferences that may be drawn therefrom – in the light most favorable to the non-moving party. *Fuentes*, 795 F.3d at 416 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Thus, to the extent that Attorney Calderas' argument is unsupported by the evidence, it will be disregarded. *See Williams v. Wells Fargo Bank*, -- F.App'x --, 2016 WL 4207395 at *2 (3d Cir. Aug. 10, 2016) (citing *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000)) (Noting that parties cannot rely on unsupported allegations.).

---

[1] Plaintiffs have not demonstrated a need for redaction pursuant to Local Rule 5.2(D) ("Redaction of Personal Identifiers"). Neither have they indicated that the transcript did not accurately memorialize Attorney Calderas' oral argument.

## II. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that the Motion for Redaction or Correction of the Record [166] is denied, to the extent that Plaintiffs seek to redact or amend Attorney Calderas' argument as memorialized in the official hearing transcript [165], and granted, inasmuch as Plaintiffs request that the summary judgment ruling be based upon the evidence of record, to the extent same is put before the Court in the form of affidavits, depositions, admissions, and/or interrogatories.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: October 13, 2016.

cc/ecf: All counsel of record