IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH J. GERMINARO, an individual, and GABRIELLA P. GERMINARO, an individual, | ) ) ) Civil Action No. 14-1202 |
| Plaintiffs, | ) ) Judge Nora Barry Fischer |
| v. | ) ) |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY and COMMONWEALTH LAND TITLE INSURANCE CORPORATION, a Nebraska corporation, and DOES 1 through 100, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

AND NOW, this day 31st of July, 2019, upon consideration of the Motion for Relief from Taxation of Costs (Docket No. [191]) filed by Plaintiffs Joseph J. Germinaro and Gabriella P. Germinaro ("Plaintiffs"), the Brief in Opposition filed by Defendants Fidelity National Title Insurance Company and Commonwealth Land Title Insurance Corporation ("Defendants") (Docket No. 193), Plaintiffs' reply brief (Docket No. 195), and Defendants' sur-reply brief (Docket No. 197), and in light of the standard governing motions for relief from taxation of costs,

IT IS ORDERED that Plaintiffs' Motion is GRANTED, IN PART, and DENIED, IN PART.

**I.** *Background*

Plaintiffs filed a complaint against Defendants Fidelity National Title Insurance Company and Commonwealth Land Title Insurance Company alleging that their violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO") prevented Plaintiffs from effectuating a tax-deferred land exchange pursuant to 26 U.S.C. § 1031. (Docket Nos. 12,

1

177). After discovery closed, the parties filed cross-motions for summary judgment. (Docket Nos. 199, 124). This Court granted Defendants' motion on February 21, 2017, and denied Plaintiffs' partial motion. (Docket Nos. 177-78). Thirty days later, Plaintiffs filed a notice of appeal (Docket No. 180), and Defendants filed a Bill of Costs (Docket No. 181). Given the pending appeal, the Clerk of Courts ("Clerk") notified the parties that he would not take any action on the Bill of Costs until disposition of the appeal. (Docket No. 183).

After the Third Circuit affirmed this Court's ruling, Defendants advised the Clerk of the judgment and renewed their request for $19,394.52 in costs. (Docket Nos. 181, 184, 186). Plaintiffs filed objections on December 11, 2018. (Docket Nos. 187, 188). After considering the Plaintiffs' substantial objections, on June 10, 2019, the Clerk taxed costs in the amount of $11,417.00 in favor of Defendants and against Plaintiffs. (Docket Nos. 189, 190). Seven days later, Plaintiffs timely filed their Motion for Relief from Taxation. (Docket No. 191); *see* FED. R. CIV. P. 54(d)(1) (mandating "[o]n motion served within the next 7 days, the court may review the clerk's action").

## II.    *Standard of Review*

The Court addresses costs *de novo*. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 673 F. App'x 141, 144 (3d Cir. 2016). Federal Rule of Civil Procedure 54(d) provides, in relevant part, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). To this end, "the rule creates the 'strong presumption' that costs are to be awarded to the prevailing party" and "[o]nly if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462, 468 (3d Cir. 2000). "Thus, if a district court, within its

discretion, denies or reduces a prevailing party's award of costs, it *must* articulate its reasons for doing so." *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (citing *In re Paoli*, 221 F.3d at 468; *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)) (emphasis added). However, a district court <u>is not</u> required to write an opinion or explain its reasoning "when it affirms a Clerk of Court's award of litigation costs." *Id.* at 289.

> As a general rule, the following costs are recoverable by the prevailing party:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Additionally, a district court may also consider:

> (1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential *indigency or inability to pay* the full measure of a costs award levied against them.

*In re Paoli*, 221 F.3d at 468 (emphasis added). The fact that a plaintiff was not expecting to lose is not a factor a court can consider as that is a risk inherent in all litigation. *Kuznyetsov v. West Penn Allegheny Health Sys., Inc.*, Civ. Act. No. 10-948, 2014 WL 5393182, at *4 (W.D. Pa. Oct. 23, 2014).

**III.** *Analysis*

On review, Plaintiffs argue that Defendants costs are unsupported by the evidence of record. (Docket No. 190). Alternatively, Plaintiffs argue that the Clerk's award should be set aside entirely as they are unable to pay given their current financial situation. (*Id.*) For the reasons

that follow, this Court confirms the Clerk's award of $11,417.00 as properly recoverable. However, because Plaintiff Gabriella Germinaro is incapacitated and unable to work, (Docket No. 191-1), the Court will not award costs against her but will award costs against her husband who is working.

Turning to Plaintiffs' first objection, Plaintiffs, in a six-sentence paragraph, argue that the costs the Clerk assessed against them should be reduced because there were glaring deficiencies in the deposition invoices supplied by the defendants. (Docket No. 191 at 3). Specifically, omitted from the invoices was the following allegedly necessary information: the cost per page for each deposition and whether there were any rush charges or e-copies. (*Id.*) Additionally, Plaintiffs contend that the following charges were improperly included in the costs: "videographer copies", an "additional" video charge of ten hours for Mr. Germinaro; $1,000 for Mr. Germinaro's deposition; an "additional" charge of $665 for Mrs. Germinaro's deposition, and a "parking" charge. (*Id.*) Despite bearing the burden at this stage, Plaintiffs' motion fails to include any citations to the record or provide any case law supporting their argument that those charges were, in fact, improperly assessed. *See In re Paoli*, 221 F.3d at 462-63. Having considered these objections against the record and the Clerk's findings, this Court affirms his findings and conclusions. *See Reger*, 599 F.3d at 289 (explaining a district court is *not* required to write an opinion or explain its reasoning "when it affirms a Clerk of Court's award of litigation costs to a prevailing party"). To this end, the Court finds that the invoices did not omit any necessary information and the purported improperly included costs were not actually assessed against Plaintiffs. *See* (Docket No. 190).

Plaintiffs' second and final objection is that due to their present financial circumstances, they are unable to pay any court costs and should be excused from doing so. (Docket No. 191).

Indigency is defined as being of "modest means," *In re Paoli*, 221 F.3d at 463, or "[t]he quality, state, or condition of a person who lacks the means of subsistence; extreme hardship or neediness; [or] poverty," *indigency*, BLACK'S LAW DICTIONARY (11th ed. 2019). Indigency was not a factor the Clerk could consider. (Docket Nos. 190, 191); *see In re Paoli*, 221 F.3d at 460. But, indigency or the inability to pay is a factor a district judge can consider in determining whether to assess the full measure of costs against a non-prevailing party. *Kuznyetsov*, 2014 WL 5393182, at *2 (citing *In re Paoli*, 221 F.3d at 468).

There is "no hard and fast rule" when it comes to determining whether a losing party is indigent, rather courts are expected to use common sense. *Kates v. Packer*, Civ. Act. No. 13-CV-01525, 2019 WL 719637, at *2 (M.D. Pa. Feb. 20, 2019) (internal citation and quotation omitted). The Third Circuit, nevertheless, has provided some guidance,

> the Court should measure each [p]laintiff's financial condition as it compares to whatever award the Court decides to tax against him or her. And if the Court decides to apportion the costs award among the [p]laintiffs, it should measure each [p]laintiff's individual ability to pay his or her portion of the [d]efendants' costs.

*In re Paoli*, 221 F. 3d at 564 n.5. Furthermore, courts have repeatedly found that a parties' inability to work due to mental or physical incapacity is a reason to reduce costs. *See Kates*, 2019 WL 719637, at *3; *Delgado v. United States*, Civ. Act. No. 16-1765, 2017 WL 2468794, at *3 (E.D. Pa. June 7, 2017).

In support of their argument that they are unable to pay, attached to Plaintiffs' motion is the Declaration of Plaintiff Joseph J. Germinaro. (Docket No. 191-1). The Declaration contains very little information about Plaintiffs' financial resources and reserves. (*Id.*) In fact, it makes no mention of Plaintiffs' bank account(s) or any other investments they might have. (*Id.*) Rather, Mr. Germinaro declares Plaintiffs were forced to live with family having lost their home, apartments, and vehicles. (*Id.* ¶ 2). Additionally, it reveals that Plaintiffs have two minor children,

5

two children in college, and have more debt than equity in their townhome and condo. (*Id.* ¶¶ 2, 3). Finally, he testifies that Plaintiff Gabriella Germinaro is unable to work due to her present medical condition. (*Id.* ¶¶ 2, 4). Specifically, she had a stroke and suffers from adrenal failure and depression. (*Id.*) Although Defendants filed a response, they proffered no evidence to rebut any of the facts in Mr. Germinaro's Declaration. (Docket Nos. 193, 197). Because these statements are uncontradicted by Defendants or any other facts in the record, the Court finds that they are credible. *See Kates*, 2019 WL 719637, at *3.

Despite Plaintiffs alleging dire financial straights due to a failed business venture, a decrease in income, lost property, having two minor children, and having to put two children through college, it does not appear that Plaintiffs meet the definition of indigency. *See Illes v. Beard*, Civ. Act. No. 12-964, 2016 WL 4701530 (W.D. Pa. Sept. 8, 2016) (explaining that even the presence of an IFP is not dispositive as to the issue to pay). In fact, despite the Germinaros' collective debt, Mr. Germinaro's income still exceeds their expenses and the Court is not privy to how much money, if any, the family has in their savings or checking accounts or has invested otherwise. (Docket No. 191-1 ¶¶ 6-7).

The Court, nevertheless, is concerned about Mrs. Germinaro's ill health and her ability to pay her portion of the costs. It is clear she is unable to work due to her poor health and that her present condition may cause her family to incur additional medical expenses and costs. (Docket No. 191-1 ¶¶ 2-4). Accordingly, the Court will exercise its equitable discretion to "disaggregate costs and to impose them individually." *In re Paoli*, 221 F.3d at 469. As Plaintiff Gabriella Germinaro is incapacitated and unable to work, no costs are assessed against her; however, costs in the amount of $5,708.50 are assessed against Plaintiff Joseph Germinaro as he continues to be

able to work and has the capacity to do so.

/s *Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge